## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

JOHN RIDDLE,                          )
                                      )
                Plaintiff,            )
                                      )
v.                                    )        Case No. CIV-16-037-RAW-KEW
                                      )
NANCY A. BERRYHILL, Acting            )
Commissioner of Social                )
Security Administration,              )
                                      )
                Defendant.            )

## REPORT AND RECOMMENDATION

Plaintiff John Riddle (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and the case REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); <i>see also</i>, <u>Casias</u>, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on May 31, 1962 and was 52 years old at the time of the ALJ's decision. Claimant completed his education through the ninth grade. Claimant has worked in the past as a factory laborer. Claimant alleges an inability to work beginning January 1, 2010 due to limitations resulting from poor eyesight, hearing loss, a learning disability, and a kidney disorder.

## Procedural History

On March 7, 2012, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On June 4, 2014, Administrative Law Judge Doug Gabbard, II ("ALJ") conducted a video hearing with Claimant present in Poteau, Oklahoma and the ALJ presiding in McAlester, Oklahoma. On September 19, 2014, the ALJ issued an unfavorable decision. On December 17, 2015, the Appeals Council denied review of the decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he retained the RFC to perform a full range of sedentary work with limitations.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to properly assess Claimant's credibility; (2) reaching an improper

4

RFC; and (3) failing to fully develop the record.

## Credibility Determination

In his decision, the ALJ determined Claimant suffered from the severe impairments of poor vision (20/50 in the left eye, 20/200 in the right eye), hearing impairment, and an organic mental disorder. (Tr. 15). The ALJ concluded that Claimant retained the RFC to perform sedentary work, which he states in the RFC as "semiskilled work." In so doing, he found Claimant could be expected to understand, remember, and carry out simple one or two-step instructions as long as they are presented orally, but cannot do more complex work duties. He must work in a stable environment with occasional workplace changes, but cannot work at production line speeds and will sometimes (about 10% of the time) not be able to complete work on schedule. He could maintain regular attendance and be punctual. Interpersonal contact with supervisors and co-workers must be on a superficial work basis. He was not required to have but will benefit from special supervision. Claimant should have regularly scheduled work breaks. He should have no contact with the general public. He could not perform tasks which require the use of peripheral vision or depth perception. He must avoid exposure to loud noisy environments such as factories. (Tr. 17-18).

After consultation with a vocational expert, the ALJ found Claimant could perform the representative jobs of industrial sweeper cleaner and housekeeper cleaner, both of which the ALJ found to exist in sufficient numbers both regionally and nationally. (Tr. 25). As a result, the ALJ found Claimant was not disabled from June 1, 2010 through the date of the decision. Id.

Claimant first contends the ALJ failed to perform a proper credibility analysis. Since the ALJ's decision in this matter, the Social Security Administration has revised its rulings on evaluating statements related to the intensity, persistence, and limiting effects of symptoms in disability claims - what heretofore has been known as "credibility" assessments. Soc. Sec. R. 16-3p, 2106 WL 1119029 (March 16, 2016), superceding Soc. Sec. R. 96-7p, 1996 WL 374186 (July 2, 1996). On remand, the ALJ shall apply the new guidelines under Soc. Sec. R. 16-3p in evaluating Claimant's testimony regarding "subjective symptoms".

## RFC Evaluation

Claimant contends the ALJ reached an unsupported RFC. Claimant is apparently asserting that the ALJ should have included a requirement for close supervision, citing to the report of Dr. Diane Brandmiller. Dr. Brandmiller conducted a mental status examination of Claimant on May 8, 2012. (Tr. 178-81). Among her

recommendations, Dr. Brandmiller found "[Claimant] may be able to carry out simple instructions that with a high level of supervision in order to ensure that he understood and remembered how to carry out tasks." (Tr. 181).

The ALJ recognized this report and this finding. (Tr. 20). Claimant contends the ALJ failed to include a requirement for close supervision which would likely foreclose gainful employment. The ALJ included a provision in the RFC for "special supervision", although it was worded as Claimant benefitting from such supervision not requiring it. (Tr. 18). The questioning of the vocational expert mirrored this RFC provision. (Tr. 351). Dr. Brandmiller did not require "a high level of supervision" for Claimant to engage in basic work activities but rather included it to "ensure that he understood and remembered how to carry out tasks." The ALJ was not required to parrot Dr. Brandmiller's statement in order to establish a valid RFC.

"[R]esidual functional capacity consists of those activities that a claimant can still perform on a regular and continuing basis despite his or her physical limitations." White v. Barnhart, 287 F.3d 903, 906 n. 2 (10th Cir. 2001). A residual functional capacity assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical

facts ... and nonmedical evidence." Soc. Sec. R. 96-8p. The ALJ must also discuss the individual's ability to perform sustained work activities in an ordinary work setting on a "regular and continuing basis" and describe the maximum amount of work related activity the individual can perform based on evidence contained in the case record. Id. The ALJ must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." Id. However, there is "no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question." Chapo v. Astrue, 682 F.3d 1285, 1288 (10th Cir. 2012). The ALJ's RFC assessment was supported by substantial evidence.

## Step Five Assessment

Claimant contends the ALJ should have re-contacted Dr. Brandmiller if there was some question as to Claimant's organic mental impairment. This Court perceives no need for the ALJ to re-contact this source.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above

and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED** and the case be **REMANDED** for further proceedings. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 13th day of March, 2017.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE